UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,
    Plaintiff,

vs.

AURGROUP CREDIT UNION, et al.,
    Defendants.

Case No. 1:21-cv-6
Cole, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this action against defendant AurGroup Credit Union ("AurGroup") and its CEO Tim Boellner ("Boellner") alleging that defendants committed numerous constitutional and statutory violations. (Doc. 1). Plaintiff is "seeking equitable relief and compensatory damages of $300 Million dollars against Defendants and for punitive damages of $150 Million dollars against Defendants[.]" (*Id*. at PAGEID 1, 6-7). This matter is before the Court on defendants' motion to dismiss (Doc. 4), plaintiff's response in opposition and cross-motion to strike (Doc. 8), defendants' reply memorandum (Doc. 11), plaintiff's reply memoranda (Docs. 12, 13), plaintiff's application/motion for an entry of default (Doc. 7), and defendants' response in opposition (Doc. 10).

**1. Plaintiff's application/motion for an entry of default against defendants (Doc. 7) and cross-motion to strike defendants' late legal papers (Doc. 8)**

As best the Court can discern, it appears that plaintiff asks the Court for an entry of default judgment against defendants stemming from defendants' alleged failure to answer plaintiff's complaint within twenty-one days after service. (Doc. 7). Plaintiff specifically alleges that defendants failed to answer plaintiff's complaint by January 26, 2021, despite being "personally served" on January 5, 2021. (*Id*.). For these same reasons, plaintiff also asks the Court to "strike" defendants' motion to dismiss on the basis that it was untimely. (Doc. 8).

Defendants argue in opposition that plaintiff failed to properly serve the summons and complaint as required by the Federal Rules of Civil Procedure. (Docs. 10, 11). Defendants argue that plaintiff did not timely file an affidavit of service as required by Fed. R. Civ. P. 4(l) because plaintiff did not file his proof of service until the filing of the application for default. (Doc. 10 at PAGEID 71; Doc. 11 at PAGEID 79). Defendants also argue that service was improper under Fed. R. Civ. P. 4(c)(2) because plaintiff "testified through affidavit that he served the Summons and Complaint himself." (Doc. 10 at PAGEID 71-72). Finally, defendants argue that service was not perfected on both defendants because the individual that plaintiff allegedly served, i.e., "Black Female Teller," "is not a person authorized to accept service on behalf of Boellner or AurGroup. (*Id*. at PAGEID 72). Defendants contend that they "were not served until they accepted service by filing their Motion to Dismiss with the Court on January 27, 2021." (*Id*. at PAGEID 73).

Plaintiff is not entitled to an entry of default judgment against defendants. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2). Fed. R. Civ. P. 55(b)(2).

Defendants have not failed to plead or otherwise defend this case because plaintiff failed to perfect proper service of process as required by the Federal Rules of Civil Procedure. The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Gov*., 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "[T]he requirement of proper service of

process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Moreover, the fact that a defendant may have received actual notice of the filing of the action cannot be a substitute for proper service of process. *LSJ Investment Co., Inc. v. O.L.D., In*c., 167 F.3d 320, 322 (6th Cir. 1999); *Friedman*, 929 F.2d at 1155-56.

A review of the record in this case demonstrates that plaintiff failed to properly perfect service of process on defendants. Fed. R. Civ. P. 4(c)(2) provides that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Service was improper under Fed. R. Civ. P. 4(c)(2) because plaintiff personally served the summons and complaint on defendants. (*See* Doc. 7 at PAGEID 42). There is also no evidence in the record that plaintiff met the requirements of Rule 4(g) and (h) because there is no indication that the summons and complaint were delivered to an agent authorized by appointment or by law to receive service of process. Rather, the "Proof of Service" form indicates that plaintiff personally the summons on a "Black female Teller" at AurGroup's Fairfield, Ohio location. (Doc. 7 at PAGEID 42). Defendants state that they are "wholly unaware who 'Black Female Teller' is; and, nevertheless, 'Black Female Teller' is not a person authorized to accept service on behalf of Boellner or AurGroup." (Doc. 10 at PAGEID 72). Plaintiff's attempted service, therefore, was insufficient under Fed. R. Civ. P. 4(g) and (h). *See O.J. Distrib. v. Hornwell Brewing Co., Inc.*, 340 F.3d 345, 354 (6th Cir. 2003) ("The district court did not err in concluding that service of process was not effected inasmuch as Plaintiff . . . failed to demonstrate that it served an 'authorized agent' by virtue of an unknown receptionist signing for the overnight package for purposes of complying with . . . Rule 4(h)."). *See also Bowden v. Brinly-Hardy Co., Inc.*, No. 3:20-cv-438, 2020 WL 9607026, at *2 (W.D. Ky. Oct.

3

26, 2020) ("Plaintiff has not shown that it delivered a copy of the summons and Complaint to an authorized agent because the individual who accepted the delivery is unidentified.").

Default judgment is improper where service has not been effected. *See O.J. Distrib., Inc.*, 340 F.3d 345, 353 ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default.") (citation omitted). Because service was not perfected on defendants, plaintiff's motion for default judgment (Doc. 7) and motion to strike on the basis that defendants' motion to dismiss was untimely (Docs. 7, 8) should be **DENIED**.[1]

**2. Defendants' motion to dismiss (Doc. 4)**

Defendants move to dismiss plaintiff's complaint on the basis that it fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Doc. 4). Defendants additionally argue that plaintiff's complaint should be dismissed for plaintiff's failure to respond to "Judge Black's Order to Show Cause" in *Rolle v. Lewis*, No. 1:19-cv-944, 2020 WL 5760648 (S.D. Ohio Sept. 28, 2020). (*Id.*).[2]

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

---

[1] The Court notes that defendants' motion to dismiss (Doc. 4) was timely because defendants were not properly served until they accepted service by filing their motion to dismiss with the Court on January 27, 2021. *See generally Saathoff v. Duke Univ.*, No. 10-60392-Civ, 2010 WL 2219720, at *2 (S.D. Fla. June 2, 2010) ("If a defendant voluntarily appears, it is considered an admission of service and a waiver of any further inquiry on the matter.").

[2] In *Lewis*, plaintiff similarly alleged numerous violations of his constitutional and statutory rights without setting forth factual allegations against defendant Lewis. In adopting the report and recommendation of the magistrate judge to dismiss plaintiff's complaint, the district court noted that plaintiff had "a history of filing frivolous lawsuits, and that pre-filing restrictions against Plaintiff may be appropriate." *Lewis*, 2020 WL 5760648, at *1. The district court therefore ordered plaintiff "to show cause why the filing of the above-captioned complaint does not constitute a violation of Rule 11(b), and why this could Court should not impose pre-filing restrictions against Plaintiff, including that no further complaint be accepted for filing in the Southern District of Ohio that has not been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted." *Id.* To date, there is no indication that plaintiff responded to the district court's show cause order in that case or that the Court imposed any pre-filing restrictions on plaintiff. Therefore, the undersigned declines to recommend dismissal of the instant case based on plaintiff's inaction in *Lewis*.

94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that defendants "unlawfully deprived Plaintiff of his [rights under the] *First*, *Fourth*, *Fifth*, *Sixth*, *Seventh*, *Eighth*, *Ninth*, *Tenth*, *Thirteenth* and *Fourteenth* [Amendments] of the United States Constitution." (Doc. 1 at PAGEID 1) (emphasis in original). Plaintiff alleges that defendants' "unlawfully and unjustly and fraudulently" stole several thousand dollars from plaintiff in "false overdraft fees" despite a promise of overdraft protection. (*Id*. at PAGEID 3-4). Plaintiff further alleges AurGroup engaged in a "criminal fraudulent scheme to steal additional fees from a disabled Black American and senior citizen in

5

further act[s] of racism and discrimination" when it refused in 2018 and 2019 to honor plaintiff's debit card, checking, and check transactions. (*Id*. at PAGEID 4). Plaintiff alleges that AurGroup engaged in a "supreme act of racism and discrimination" when it refused to issue a debit card to plaintiff. (*Id*.). As best the Court can discern, it appears that plaintiff also alleges that Boellner aided and abetted AurGroup by refusing to issue a valid debit card to plaintiff to be able to track and access his funds. (*Id*. at PAGEID 5). Plaintiff contends that Boellner's conduct allowed him to "fraudulent[ly] steal" from plaintiff in 2018 and 2019. (*Id*.). Plaintiff also alleges that Boellner violated the "Federal Truth and Lending Act and the Fair Credit Reporting Act" by running plaintiff's credit for re-financing without plaintiff's express permission. (*Id*. at PAGEID 5-6). Plaintiff maintains that this conduct by Boellner also deprived plaintiff of his "*1st, 5th, & 14th Amendments to the United States Constitution* and in violation of *Title U.S.C. Sections 1983, 1985, and 1988 of the Civil Rights Act.*" (*Id*. at PAGEID 6) (emphasis in original). Plaintiff likewise alleges that Boellner "unlawfully and unjustly and falsely" charged a fictious debt which was "falsely and fraudulently" reported to the major credit reporting agencies. (*Id*.). Finally, plaintiff alleges that Boellner closed plaintiff's account "to conceal the fact that he . . . was stealing the Plaintiff's money out [of] his accounts thru (sic) a criminal conspiracy and thru (sic) a criminal enterprise of fraud and grand larceny practices against Black American senior citizens like the Plaintiff." (*Id*.).

Although plaintiff's pro se complaint alleges numerous violations of various federal statutes and constitutional amendments, plaintiff has failed to allege any facts showing *how* the defendants participated in *any* alleged violation of plaintiff's constitutional or statutory rights. Moreover, the complaint provides no factual content or context from which the Court may reasonably infer that any of the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678.

Even construing plaintiff's pro se complaint liberally, the complaint fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal citations omitted)). Plaintiff has not alleged sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against any of the defendants. *Twombly*, 550 U.S. at 555.

The Court is unable to discern from plaintiff's complaint what any of the defendants specifically did, or failed to do, that caused plaintiff's injuries and allegedly violated plaintiff's rights under federal law. Therefore, defendants' motion to dismiss for failure to state a claim for relief should be granted. *See Bradley v. Ruiz*, No. 1:20-cv-809, 2020 WL 4582699, at *1 (N.D. Ohio Aug. 10, 2020) (dismissing plaintiff's pro se complaint because it did "not set forth cogent factual allegations or legal claims against the defendants"); *Simmons v. Dailey*, No. 1:20-cv-810, 2020 WL 6334465, at *2 (S.D. Ohio Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6741438 (S.D. Ohio Nov. 17, 2020) ("Plaintiff has not alleged sufficient factual content for the Court to infer that defendant was personally involved or acquiesced in any unconstitutional behavior."); *Triplett-Fazzone v. United States*, No. 2:16-cv-1016, 2017 WL 4217160, at *4 (S.D. Ohio Sept. 19, 2017) ("even when providing a more liberal construction of plaintiff's Complaint and holding it to a less stringent standard than pleadings drafted by lawyers, her allegations fall far from presenting any plausible claim").

## IT IS THEREFORE RECOMMENDED:

1. Plaintiff's motion for an entry of default judgment (Doc. 7) and motion to strike (Doc. 8) should be **DENIED**; and

2. Defendants' motion to dismiss (Doc. 4) should be **GRANTED**.

Date: 8/11/2021

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,            Case No. 1:21-cv-6
    Plaintiff,                             Cole, J.
                                               Litkovitz, M.J.

vs.

AURGROUP CREDIT UNION, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).