UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

    Plaintiff,

v.

AURGROUP CREDIT UNION, et al.,

    Defendants.

Case No. 1:21-cv-6
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause is before the Court on: (1) Defendants AurGroup Credit Union and AurGroup CEO Tim Boellner's Motion to Dismiss (Doc. 4); (2) Plaintiff Nehemiah Rolle, Jr.'s Application for Entry of Default (Doc. 7); (3) Rolle's Motion to Strike Defendants' Motion to Dismiss (Doc. 8); (4) the Magistrate Judge's August 11, 2021, Report and Recommendation ("R&R") (Doc. 17), in which the Magistrate Judge recommends granting Defendants' Motion to Dismiss (Doc. 4) and denying Rolle's Application for Entry of Default (Doc. 7) and Motion to Strike (Doc. 8); and (5) Rolle's Objection (Doc. 18) to that R&R (Doc. 17).

For the reasons discussed more fully below, the Court **ADOPTS IN FULL** the Magistrate Judge's R&R (Doc. 17). The Court accordingly **GRANTS** Defendants' Motion to Dismiss (Doc. 4) and **DENIES** Rolle's Application for Entry of Default Judgment (Doc. 7) and Motion to Strike (Doc. 8).

## BACKGROUND

### A. Factual Background

Plaintiff Nehemiah Rolle, Jr., filed his Complaint (Doc. 1) on January 5, 2021. In it, Rolle advances various constitutional, statutory, and (apparently) common law claims stemming from his personal banking relationship with Defendants, AurGroup Credit Union ("AurGroup") and its CEO, Tim Boellner.

Rolle alleges that AurGroup engaged in a "criminal scheme to steal several thousand dollars" from Rolle. (Compl., Doc. 1, #4). As part of this scheme, AurGroup disregarded its promise to provide Rolle overdraft protection on his checking and savings accounts, causing Rolle to accrue "false" overdraft fees. (*Id.* at #3–4). The scheme continued when AurGroup refused to honor certain of Rolle's debit card and checking transactions, even though Rolle alleges he had the necessary funds on deposit. (*Id.* at #4). Rolle says AurGroup then "fraudulently" reported these bounced checks to reporting entities, thereby damaging Rolle's credit. (*Id.*). According to Rolle, AurGroup also refused to issue him a debit card, resulting in his inability to "track and access his funds," which allowed Defendants to "steal" from Rolle without his knowledge. (*Id.* at #4–5).

Rolle alleges that Defendant Tim Boellner, AurGroup Credit Union's CEO, "aided and abetted" the Credit Union in this scheme. (*Id.* at #5). Rolle alleges that Boellner "fraudulently" ran a credit check on Rolle with major credit reporting agencies without Rolle's consent (*id.*) and defamed Rolle "under the color of state [law]." (*Id.* at #6). Boellner further "fraudulently" charged Rolle $237.97 and reported the debt to credit reporting agencies. (*Id.*). Finally, Boellner "fraudulently" closed

2

Rolle's AurGroup Credit Union accounts to conceal the foregoing "criminal enterprise." (*Id.*).

Notably, Rolle's Complaint is punctuated throughout with overtones implying discrimination, suggesting at several points that Defendants took these actions because of Rolle's status as a "disabled Black American." (*See id.* at #4; *see also id.* at #5 (alleging Boellner's failure to issue Rolle a debit card constituted an "act of criminal fraud and racism")).

Out of all this, Rolle asserts rights to relief under: (1) 42 U.S.C. § 1983 for Defendants' deprivation of Rolle's First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights; (2) the Truth in Lending Act; (3) the Fair Credit Reporting Act; and (4) state defamation law. (*See id.* at #1, 6–7). Rolle seeks, among other remedies, "equitable relief and compensatory damages of $300 Million [] against Defendants and [] punitive damages of $150 Million." (*Id.*).

## B.   **Pending Motions**

Defendants moved to dismiss on January 27, 2021, arguing that Rolle's Complaint failed to plead any claims that met the "plausibility" standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).[1] Defendants also argue that Rolle's Complaint should be dismissed for Rolle's failure to respond to a "show cause" order in a previous

---

[1] Defendants cite several Ohio court decisions in support of their argument on the pleading issue. (*See* Mot. to Dismiss, Doc. 4, #18). While state law does not control this federal procedural issue, the cases Defendants cite nevertheless quote and apply the appropriate federal pleading standards embodied in *Iqbal* and *Twombly*. (*See id.* (quoting *Parsons v. Greater Cleveland Reg'l Transit Auth.*, No. 93523, 2010 WL 323420, at *2 (Ohio Ct. App. Jan. 28, 2010), in turn citing *Twombly*, 550 U.S. at 555)).

3

proceeding, *Rolle v. Lewis*, No. 1:19-cv-944, 2020 WL 5760648 (S.D. Ohio Sept. 28, 2020). In that case, Judge Black ordered Rolle to show cause why the filing of that lawsuit did not constitute a violation of Rule 11(b), and why Judge Black should not therefore have imposed pre-filing restrictions against Rolle. *Id.* at *1. Because Rolle did not show such cause, Defendants argue that Rolle should have been subjected to pre-filing restrictions as a condition precedent to filing the instant lawsuit. (Mot. to Dismiss, Doc. 4, #13).

Nearly a month after Defendants filed their Motion to Dismiss, Rolle applied to the Clerk for an Entry of Default, in which he averred that he had personally served Defendants on January 5, 2021. (Application for Entry of Default, Doc. 7, #40). Attached to his application, Rolle filed an Affidavit of Service form indicating that he personally served the summons on a "Black female Teller," who he represented was "designated by law to accept service of process on behalf of" Defendants. (*Id.* at #42). Also on January 5, Rolle faxed the summons and Complaint to Defendants and called them to notify them that (in his view, at least) service had been achieved. (*Id.* at #40).

Four days after he filed his application for Entry of Default, Rolle moved to strike the Defendants' Motion to Dismiss as untimely filed. In support of that request, he generally argued that (1) he had properly served Defendants on January 5, and (2) Defendants had failed to answer within 21 days of service (i.e., by January 26), meaning (3) he was entitled to default judgment, and (4) Defendants' Motion to Dismiss was filed too late. (*See* Mot. to Strike, Doc. 8, #46). Rolle also, however,

4

purported to respond to the merits of Defendants' Motion to Dismiss, seemingly by restating a large portion of his Complaint. (*See id.* at #47–49).

In that same Motion to Strike, Rolle also requested an Order "disqualifying" the undersigned Judge as well as Magistrate Judge Stephanie Bowman, calling for both to immediately recuse themselves from this action. (*Id.* at #52). (At least Rolle's latter request was somewhat surprising, as Magistrate Judge Litkovitz, not Magistrate Judge Bowman, is the magistrate judge assigned to this matter.) According to Rolle, disqualification is warranted because both Judges participated in "unlawful and unjust and fraudulent and criminal acts of defamation and perjury and racism and [obstruction] of justice" against him, including by aiding and abetting the Clerk of Courts in "steal[ing]" Rolle's filing fees. (*Id.*). He also requested "full due process and a hearing" on the Motion to Strike. (*Id.*).

Defendants opposed Rolle's Motion to Strike on March 15, 2021. (*See* Doc. 11). There, Defendants argue that their Motion to Dismiss was timely because Rolle failed to properly serve either Defendant under Federal Rule of Civil Procedure 4. (*Id.* at #78–80). Rolle replied in support (Doc. 12) on April 7, 2021, and filed an Amended Reply five days later. (*See* Doc. 13). In reply, he again asserts that he properly served Defendants and that their Motion to Dismiss was filed outside the 21-day window permitted by Federal Rule of Civil Procedure 12. (*Id.* at #93). He also reiterates his request for recusal (by both this Judge and Magistrate Judge Bowman) and for a hearing on the Motion to Strike. (*Id.* at #94).

5

## C.     The August 11, 2021, Report And Recommendation

Magistrate Judge Litkovitz filed an R&R (Doc. 17) on August 11, 2021, which considered all three pending motions: Defendants' Motion to Dismiss, Rolle's Application for Entry of Default, and Rolle's Motion to Strike.

The R&R first recommends denying both Rolle's motions (Docs. 7, 8), for the simple reason that Rolle failed to properly serve his Complaint on Defendants, meaning that, contrary to Rolle's assertion, Defendants were not untimely in moving to dismiss. (*See* R&R, Doc. 17, #109). As the R&R notes, the Federal Rules permit "[a]ny person who is at least 18 years old *and not a party*" to serve a summons and complaint. (*Id.* (quoting Fed. R. Civ. P. 4(c)(2)) (emphasis in R&R)). Here, however, Rolle—the plaintiff, and therefore "a party"—"personally served the summons and complaint." (*Id.* (citing Application for Entry of Default, Doc. 7, #42)).

In addition to this fatal flaw, the R&R also observed a dearth of evidence that Rolle met the requirements that Rules 4(e)[2] and (h) impose for valid service, as there was "no indication that the summons and complaint were delivered to an agent authorized by appointment or by law to receive service of process." (*Id.*). Instead, Rolle attested that he left the summons and complaint with a "Black female Teller" at AurGroup's Fairfield, Ohio branch. (*Id.* (citing Application for Entry of Default, Doc.

---

[2] Although the R&R refers to Fed. R. Civ. P. 4(g), that provision sets forth the permissible manner of service on minors and incompetent persons, and it is inapplicable in this case. The Court instead understands the R&R to have intended reference to Fed. R. Civ. P. 4(e), which covers service on an individual (Boellner), which may be accomplished by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." (That is only one of many means. There is also 4(e)(1) (any method state law allows), and 4(e)(2)(A) (delivering to defendant personally), and 4(e)(2)(B) (leaving it with a person of suitable age and discretion at the individual's dwelling or place of abode).)

6

7, #42)). According to Defendants, "'Black Female Teller' is not a person authorized to accept service on behalf of Boellner or AurGroup." (*Id.* (citing Resp. in Opp'n to Application for Entry of Default, Doc. 10, #72)). Given that Rolle's attempted service was deficient under the Federal Rules of Civil Procedure, the R&R concluded that entry of default against as-yet-unserved Defendants was improper, and, relatedly, their Motion to Dismiss could not be considered "late-filed." (*See* R&R, Doc. 17, #110).

The R&R next turned to the substance of the Defendants' Motion to Dismiss (Doc. 4). On that front, the R&R agreed with Defendants that, even when "liberally construed," Rolle's Complaint failed to meet federal pleading standards. That is, he neither "allege[d] any facts showing how the defendants participated in any alleged violation of [his] constitutional or statutory rights," nor "provide[d] [any] factual content or context from which the Court [could] reasonably infer that any of the defendants violated [his] rights." (R&R, Doc. 17, #112). Thus, Rolle's Complaint failed to "state[] a plausible claim for relief" against either AurGroup or Boellner. (*Id.* at #113 (citing *Twombly*, 550 U.S. at 555)).

Rolle timely objected to the R&R (Doc. 18) on August 26, 2021, and Defendants responded in opposition (Doc. 19) to those objections on August 30, 2021. The matter is now before the Court.

**LEGAL STANDARD**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

7

§ 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). That said, objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

To qualify for review, an objection must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And, notwithstanding specificity, a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

Even in the absence of a cognizable objection, however, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) suggest that a court should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." S*ee also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.*, No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same).

8

**LAW AND ANALYSIS**

First, Rolle objects to the R&R on the grounds that he "did not consent to [the Magistrate Judge's] involvement" in his "paid Federal action." (Obj., Doc. 18, #116). His lack of consent invalidates the R&R, he suggests, because consent of the parties is required under 28 U.S.C. § 636(c) and associated Federal Rule of Civil Procedure 73. Rolle is correct, insofar as he argues that Rule 73 and § 636(c) contemplate consent of the parties. He is incorrect, however, in his contention that these authorities apply to his situation here.

Congress has authorized Article III judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A); *see also* 28 U.S.C. § 636(b)(3) ("A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."). By General Order in the Western Division of the Southern District of Ohio at Cincinnati, all cases filed by pro se litigants are automatically referred to Magistrate Judges for pretrial proceedings. *See* Cin 22-02, In Re: United States Magistrate Judges General Order of Assignment and Reference (Apr. 6, 2022) (including in the "referred categories of cases" all those "filed by persons proceeding pro se").[3]

Thus, instead of Federal Rule of Civil Procedure 73, the R&R here was filed pursuant to 72(b), which provides that, "when assigned, *without the parties' consent*, to hear a pretrial matter dispositive of a claim or defense … [t]he magistrate judge

---

[3] Available at https://www.ohsd.uscourts.gov/sites/ohsd/files//General%20Order%20of%20Assignment%20%26Reference%20In%20Re%20US%20MJ%20Time%20Stamp.pdf.

9

must enter a recommended disposition." Fed. R. Civ. P. 72(b) (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings … and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) …."). The Magistrate Judge was therefore empowered to recommend a disposition on the pending motions notwithstanding Rolle's lack of consent, and Rolle's objection on that ground is meritless.

Second, Rolle argues that Magistrate Judge Litkovitz has "no … jurisdiction" in this action because Rolle has "made a legal demand for her to recuse and disqualif[y] [] herself" from his lawsuits due to the "extreme bias and prejudice" she harbors against him. (Obj., Doc. 18, #117). If Rolle means to suggest that he called for Magistrate Judge Litkovitz's recusal in the course of *this* lawsuit, he has failed to point the Court to documentation of that request, and the Court has found none. The Court does note that Rolle requested recusal of Magistrate Judge *Bowman*, almost as an aside, in his Motion to Strike. (*See* Doc. 8, #52).⁴ But, as noted above, Magistrate Judge Bowman never took any part in this action.

---

[4] In the same breath, Rolle requested that the undersigned Judge recuse himself. (Mot. to Strike, Doc. 8, #52). The undersigned declines to do so, whether Rolle's request arises under 28 U.S.C. § 144 or § 455.

Under § 144, the party requesting recusal must file "a timely and sufficient affidavit." The Court, construing Rolle's sworn Motion as an affidavit, finds it insufficient. *See Brautigam v. Damon*, No. 1:11-CV-551, 2013 WL 6387500, at *2 (S.D. Ohio Dec. 6, 2013) ("Once an affidavit is filed under § 144, the judge whose partiality is challenged has a duty to examine the affidavit to determine whether it is … legally sufficient." (citing *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355–56 (6th Cir. 1988)). A "legally sufficient affidavit must," among other things, state "material" facts "with particularity." *Hopson v. Miller*, No. 5:16-CV-1867, 2016 WL 7492504, at *2 (N.D. Ohio Dec. 30, 2016) (citation omitted). Here, Rolle claims the undersigned has committed "criminal acts of defamation and perjury and racism

In fairness to Rolle, though, his failure to specifically call for Magistrate Judge Litkovitz's recusal does not, alone, necessarily doom his objection. That is because recusal of a "magistrate judge of the United States" is governed by 28 U.S.C. § 455(a), which is a "self-executing" rule. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) ("[S]ection 455 is self-executing, requiring the judge to disqualify [herself] for personal bias even in the absence of a party complaint.").

Nevertheless, Magistrate Judge Litkovitz's failure to recuse herself here was not error. Section 455 provides that a judge must recuse herself from hearing and deciding any action where her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). But compulsory recusal under § 455 requires "more than subjective fears, unsupported accusations, or unfounded surmise." *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998). Instead, recusal is based upon an objective standard. Under that standard, "[t]he statute requires a judge to recuse 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality'" *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)).

---

and [obstruction] of justice" against Rolle. These unfounded contentions do not state any facts with particularity.

Recusal under § 455, on the other hand, is committed to the discretion of the court deciding the motion, *see Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003), and it is proper for the challenged judge to rule on such a motion. *See United States v. Hatchett*, No. 92–1065, 1992 WL 296865 (6th Cir. Oct. 15, 1992). Section 455 provides that a judge must recuse himself from hearing and deciding any action where his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Rolle has offered no facts that would lead a reasonably objective person to doubt the undersigned Judge's impartiality, and the undersigned is aware of none. Moreover, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

11

By contrast, a "judge need not recuse [her]self based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)); *see also Wheat v. Ohio*, 23 F. App'x 441, 443 (6th Cir. 2001). And the prejudice that justifies recusal under § 455(a) must "emanate[] from some source other than participation in the proceedings or prior contact with related cases." *United States v. Dusenbery*, 89 F.3d 836 (Table), 1996 WL 306517, at *2 (6th Cir. June 6, 1996) (quoting *Sammons*, 918 F.2d at 599).

Here, Magistrate Judge Litkovitz's impartiality cannot "reasonably be questioned," *see* 28 U.S.C. § 455(a), and certainly not on any basis that Rolle has identified. To be sure, Rolle articulates a number of strongly held *beliefs* that he says require recusal, including that Magistrate Judge Litkovitz has "committed numerous acts [of] willful criminal perjury and … fraud," is a "white supremacist," and engaged in "defamation … against [him]." (*See* Obj., Doc. 18, #116–18). But they are just that— subjective beliefs—which represent no more than unsupported (and spurious) accusations and unfounded surmise. To the extent that Rolle argues Magistrate Judge Litkovitz's "bias" is evidenced by her judicial actions in previous cases, the Court notes that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Proctor v. Bd. of Med.*, No. 1:16-CV-82, 2016 WL 7077858, at *4 (W.D. Mich. Dec. 5, 2016) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). And, absent any other objective basis for these suggestions, which Rolle has not offered, they entirely fail to move the needle with respect to recusal.

The only particularized fact Rolle offers that might give one pause is that Rolle filed a lawsuit against Magistrate Judge Litkovitz herself on April 2, 2021, during the pendency of the instant action. (Obj., Doc. 18, #118 (citing *Rolle v. Litkovitz*, No. CV 1:21-230-DCR, 2021 WL 1546110, at *2 (S.D. Ohio Apr. 20, 2021)). But the Court concludes that, viewed objectively, Rolle's parallel suit against the Magistrate Judge likewise did not mandate her recusal. Although Rolle states that he was "still litigating" that parallel case when he filed his Objection, it was in fact dismissed by Chief Judge Reeves over four months prior, and well before Magistrate Judge Litkovitz filed the R&R at issue here. *See Rolle*, 2021 WL 1546110, at *4. Moreover, it appears that Rolle based that suit primarily on actions Magistrate Judge Litkovitz had taken in previous lawsuits assigned to her in the course of her official duties— which, as noted, "almost never constitute a valid basis for a bias or partiality motion." *Proctor*, 2016 WL 7077858, at *4 (quoting *Liteky*, 510 U.S. at 555). In dismissing the suit with prejudice, Judge Reeves noted that

> Rolle has not provided a single *fact* supporting his claims that Magistrate Judge Litkovitz aided and abetted the underlying defendants in any alleged wrongdoing. Further, he has not asserted facts suggesting that Litkovitz [] had any relationship or involvement with these individuals or entities outside her role as a federal magistrate judge in the lawsuits he filed in this Court. Rolle's claims are further undermined by his wholly unsubstantiated suggestions that the defendants are involved in a "white supremacist conspiracy."

*Rolle*, 2021 WL 1546110, at *3.

Even if Rolle had filed a meritorious suit against Magistrate Judge Litkovitz, numerous courts have held that "[r]ecusal is not required simply because one of the parties has initiated litigation against the presiding judge." *Callihan v. E. Ky. Prod.*

13

*Credit Ass'n*, 895 F.2d 1412 (Table), 1990 WL 12186, at *2 (6th Cir. Feb. 13, 1990) (citations omitted); *see also United States v. Houston*, No. 3:13-09-DCR, 2014 WL 241589, at *2 (E.D. Tenn. Jan. 22, 2014) ("[A] judge's disqualification is neither required because one of the parties has initiated litigation against the presiding judge, nor does it summarily demonstrate partiality.") (citing *Callihan*, 895 F.2d 1412); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) ("[T]he mere fact that [a judge] may be one of the numerous federal judges that [a litigant] has filed suit against is not sufficient to establish that her recusal from his case is warranted under … § 455(a)."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified [under § 144] by a litigant's suit or threatened suit against him ….") (citation omitted).

Nor is that particularly surprising. Permitting a litigant to summarily disqualify a presiding judge for the relatively low cost of a filing fee raises the prospect that judge-shopping-by-litigation will become routine. *See Flint v. Whalin*, No. 3:11CV-316-H, 2011 WL 2471550, at *1 (W.D. Ky. June 21, 2011) (quoting *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)). Avoiding that kind of underhanded and strategic use of § 455 is particularly important in a situation such as this, where Rolle's parallel suit against Magistrate Judge Litkovitz was entirely "devoid of merit." *Rolle*, 2021 WL 1546110, at *3.

In sum, Rolle has failed to offer any facts that would lead a reasonable, objective person to doubt Magistrate Judge Litkovitz's impartiality. She therefore had no obligation to recuse herself under 28 U.S.C. § 455(a).[5]

Rolle next turns his attention to the substance of the R&R's recommended disposition of his Application for Entry of Default (Doc. 7) and Motion to Strike (Doc. 8). Rolle seems to argue that the R&R erred in recommending denial of these motions, as Rolle did in fact serve Defendants by personally delivering, in addition to faxing, the summons and Complaint to AurGroup on January 5, 2021, as further confirmed by his later call with Boellner, who "acknowledged" that Defendants received the summons and Complaint. (Obj., Doc. 18, #119).

There are two problems with that objection. First, the Court first notes that the objection appears merely to "summarize[] what has been presented before," and therefore does not qualify as an "'objection' as that term is used" in the context of an R&R. *VanDiver*, 304 F. Supp. 2d at 937.

Second, even putting that aside, the objection fails on the merits. Federal Rule of Civil Procedure 55(a) permits the Clerk of Court to enter a default when a party fails to plead or otherwise defend as required by Rule 12(a)(1)(A). *See, e.g., Thomas v. Quantum Cmty. Dev. Corp.,* No. CV 16-11954, 2016 WL 9403991, at *1 (E.D. Mich. July 13, 2016). Rule 12(a)(1)(A), in turn, gives a party "21 days after being served with the summons and complaint" to so plead or defend. But if service was deficient,

---

[5] Rolle also points to the fact that he "filed a secret detailed factual Judicial complaint" (apparently with the Sixth Circuit) against Magistrate Judge Litkovitz, in 2020. (Obj., Doc. 18, #117). Rolle offers no factual basis for this "complaint," though, and thus it likewise fails to demonstrate partiality.

15

it follows that the 21-day clock does not begin to run. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default."). And, to perfect service on a defendant, a plaintiff must comply with Federal Rule of Civil Procedure 4. As the R&R correctly observes, that rule permits "[a]ny person who is at least 18 years old *and not a party*" to complete service on a defendant. (R&R, Doc. 17, #109 (citing Fed. R. Civ. P. 4(C)(2) (emphasis in R&R))).

Here, Rolle's service was deficient under Rule 4. Rolle's "Affidavit of Service" indicates that Rolle personally served the summons and complaint on a "Black female Teller" at an AurGroup Credit Union location on January 5, 2021. (Application for Entry of Default, Doc. 7, #42). Because Rolle is a party, service in this manner fails to comply with Rule 4—independent of whether "Black female Teller" was authorized to accept service of process on behalf of either Defendant. Likewise, Rolle's assertion that he faxed the summons and Complaint to AurGroup on the same day, even if true, fails to comply with any means of service specified in Rule 4. Thus, the 21-day period contemplated by Rule 12(a)(1)(A) did not begin on January 5th. Instead, the Court did not attain jurisdiction over the Defendants until they filed their Motion to Dismiss on January 27th. *See Malibu Media, LLC v. Jablonski*, No. 1:14-CV-417, 2015 WL 12732844, at *2 (S.D. Ohio Feb. 27, 2015) ("[A]bsent either waiver or proper service of process, this Court does not have personal jurisdiction over the Defendant.") (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). So, contrary to Rolle's argument, entry of default was not warranted because the Defendants did not

16

"fail to plead or otherwise defend" for 21 days after being served (or otherwise submitting to the Court's jurisdiction).

Relatedly, Rolle's insistence that AurGroup or Boellner "acknowledged" the summons and complaint does not fix the problem. As the R&R also correctly notes, a defendant's subjective knowledge of the lawsuit does not excuse the plaintiff from complying with the service requirements set forth in the Federal Rules. *Dortch v. First Fid. Mortg. Co. of Mich.*, 8 F. App'x 542, 546 (6th Cir. 2001) (reiterating that the Sixth Circuit "will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4") (quoting *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999)).

Next, Rolle objects, in passing, to the Magistrate Judge's failure to hold a hearing on the sufficiency of Rolle's service despite his request for one. (*See* Obj., Doc. 18, #119). The Court begins by noting that this "hearing" was requested, almost as an afterthought, in Rolle's Motion to Strike. (Mot. to Strike, Doc. 8, #52 ("I the Plaintiff requests [sic] full due process and a hearing on this motion ….")). Even if this passing comment could be construed as a formal request for an evidentiary hearing on the sufficiency of service, Rolle does not cite any authority to support his position that such a hearing is required here. "While a hearing may be appropriate where litigants have filed inconsistent affidavits regarding service of process," *Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892, at *2 (7th Cir. Oct. 5, 2007), there are no such inconsistent affidavits here, at least as to any fact that matters. That is because, even accepting Rolle's version of events—detailed immediately above—Rolle

17

failed to accomplish service in a manner consistent with Rule 4. A hearing could not fix that fatal flaw.

In any event, as the R&R also observed, even if Rolle had validly served his Complaint, that Complaint fails to plausibly allege any viable claims. (R&R, Doc. 17, #112–113). Rolle's "objection" to that portion of the R&R is a non-starter, as it basically consists of him restating a large part of his Complaint. (*See* Doc. 18, #120– 22). Copying and pasting a portion of the Complaint, without more, is not an "'objection' as that term is used" in the context of an R&R. *VanDiver*, 304 F. Supp. 2d at 937.

Beyond that, Rolle misstates the legal standard applicable to a 12(b)(6) motion, suggesting that "if any reasonable person can understand what is pleaded the Court must take Judicial notice …." (Obj., Doc. 18, #120). That is not quite right. The question is not whether a "reasonable person can understand" the complaint; instead, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under the *Twombly/Iqbal* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process.

The R&R applied the proper legal standard, and the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." *See* Fed. R. Civ. P. 72(b) (advisory committee notes) (suggesting that, even in the absence of a cognizable objection, a court should "satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation"); *see also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R). Although pro se pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *West v. Adecco Emp. Agency*, 124 F. App'x 991, 992 (6th Cir. 2005), a pro se plaintiff still must include sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief. *Twombly*, 550 U.S. at 555. Here, Rolle failed to do so. The majority of Rolle's Complaint consists of mere "labels and conclusions." For example, Rolle repeatedly alleges that Defendants took various actions "unlawfully," "unjustly," and "fraudulently," all the while insisting that Defendants engaged in a "scheme" or "conspiracy" to steal from him. (*See, e.g.*, Compl., Doc. 1, #3, 4, 5). That does not cut it. While Rolle does allege *some* facts, including, for example, that AurGroup charged him overdraft fees, that AurGroup failed to honor debit and check transactions, and that Boellner ran Rolle's credit report without authorization, these are, at best, "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. They do not allow the Court to plausibly infer that either of the Defendants violated any particular law.

Separately, the Court notes that Rolle failed to substantively oppose the Defendants' Motion to Dismiss (Doc. 4). His opposition, if so construed, consisted primarily of restating the allegations in the Complaint. (*See* Mot. to Strike, Doc. 8, #47–49). Such an approach provided the Magistrate Judge scant opportunity to assess the sufficiency of Rolle's allegations or his legal arguments for holding

19

Defendants liable under whatever theory. Having declined to even attempt to illuminate his theories in response to Defendants' arguments, Rolle can hardly be heard now to complain that the Magistrate Judge misunderstood them.

In sum, the Court agrees with the R&R's conclusion that Rolle's Complaint (Doc. 1) fails to adequately allege facts showing a plausibly viable legal claim against either Defendant. His Complaint therefore fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** in full the Magistrate Judge's R&R (Doc. 17). The Court accordingly **GRANTS** Defendants' Motion to Dismiss (Doc. 4) and **DENIES** Rolle's Application for Entry of Default (Doc. 7) and Motion to Strike (Doc. 8). As a result, the Court **DISMISSES** this action **WITH PREJUDICE**. The Court further **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

April 18, 2022
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**